All right, the next case is Maxime Blanc, a petitioner versus the Attorney General of the United States. The respondent, Sean Bedford and Matthew Dowell, are here for Petitioner Blanc. And Matthew Glover is here for the Department of Justice. And Mr. Bedford, you may begin with your argument. Thank you, Your Honor. May it please the court. My name is Sean Bedford, and I, along with my co-counsel Matthew Dowell, represent Petitioner Mr. Maxime Blanc. I will begin today by explaining why this court has jurisdiction to review this petition. And Mr. Dowell will then discuss the merits of Mr. Blanc's petition specifically. And we've chosen to divide this argument into those two halves, because the statutory bar issue raised by the government divides this into two discrete issues. The first being whether or not the court has jurisdiction to review this case. And if it does, whether or not Mr. Blanc's petition deserves or merits the relief sought. Now, the court has jurisdiction to decide Mr. Blanc's case, because under Currapati, Bonillo, and Jacobson, even when a discretion is committed to agency discretion, a court may consider allegations that an agency failed to follow its own binding regulations. And those are precisely the type of allegations that Mr. Blanc is raising in his petition. As this court stated in Jacobson, whether the BIA complied with regulations governing its appeals is a question of law. Put differently, the BIA and IJ have no discretion in deciding whether to follow binding regulations. That is an issue. But is this really a question about what the BIA did wrong or what the IJ did wrong? Your Honor, we submit that the BIA's adoption of the IJ's determination essentially merges those two. So it becomes kind of a single question as to whether or not the IJ's failure to inform Mr. Blanc of his eligibility for pre-conclusion voluntary departure constitutes an error or a violation of the regulations. Isn't there a reading of the BIA order, though, that rather than adopting in some way the IJ's failure to advise Mr. Blanc of that option, that it exercised its own independent discretion on a de novo basis to say we at BIA would not find that he merited this type of relief in any event? Respectfully, Your Honor, we submit that that is actually a question that goes to the merits of the petition and really an issue of whether or not there would have been any form of prejudice to the petitioner as opposed to a question of jurisdiction. And I don't believe that there's any dispute that the court has jurisdiction to whether or not the agency followed its own regulations. I don't know. I suspect that that doesn't sound like I'm answering your question. And I believe I understand what your question is, but whether there is, Your Honor, there is no discretion on the part of the BIA or the IJ, for that matter, to determine whether or not it had to apprise Mr. Blanc of his eligibility for pre-conclusion voluntary departure. So even if we assume that the BIA exercised its own discretion in finding that a warning council, that he would not have satisfied the discretion or determination, that doesn't really impact the jurisdiction question. The court still maintains jurisdiction to review whether or not the proper procedures followed by the agency. Moreover, Your Honor, the immigration judge did not have authority under the statute to make that discretionary determination in the first place. Pre-conclusion voluntary departure and post-conclusion voluntary departure have different sets of requirements. And I think that's particularly important in this case because there are two prerequisites for post-conclusion voluntary departure that must be satisfied before the IJ can exercise discretion. In this case, the IJ found that those were not satisfied. He found that Mr. Blanc was not a person of good moral character for at least five years. And he also found that Mr. Blanc had not demonstrated by clear and convincing evidence that he had the means and the intention to depart the country on his own. And so because those two were not satisfied, even if the immigration judge had decided that Mr. Blanc did merit a favorable exercise of discretion, he could not have exercised discretion and granted post-conclusion voluntary departure because that was removed from his discretion by the statute. And as a result of that, there was no valid discretionary determination that was made. And to the extent that it was made for post-conclusion voluntary departure, we submit that it would be improper to import that improperly made determination into the non-existent analysis of pre-conclusion voluntary departure, which should have been raised at an earlier hearing and which comes with a more lenient set of criteria given its procedure and posture in the order of the case. If the IJ had granted, whether sui sponte or otherwise, in a different case where the IJ informed the petitioner of this right and then granted it, the BIA has de novo discretion to say, no, we actually think that this individual should not be granted pre-conclusion voluntary departure. Is that correct? That's my understanding. And unless unless your honors have any further questions regarding jurisdiction, I would like to turn the floor over to my co-counsel. All right, Mr. Bedford. Thank you, your honors. My name is Matthew Dowell and I also represent petitioner Maxine Blanc. I wanted to briefly address the merits of Mr. Blanc's petition and explain why the removal order should be vacated in this case should be remanded so that Mr. Blanc can be afforded the opportunity to apply for pre-conclusion voluntary departure, something that has been must respect their own procedural rules and regulations. If that had happened here, this case would have been over two years ago, but that did not happen. It is undisputed that the immigration judge did not apprise Mr. Blanc of his apparent eligibility for pre-conclusion voluntary departure. And it is undisputed that that is an absolute requirement, both under Department of Justice regulations and under BIA precedent. So therefore, an error occurred in Mr. Blanc's petition should be granted. So he's finally afforded the opportunity to apply for that. But several cases, certain court cases and BIA decisions have granted this relief under these circumstances. But we believe that in Ray Cordova, a BIA, a seminal BIA decision from 1999, which really articulated the standard for granting pre-conclusion voluntary departure is particularly relevant. In that case, like here, the immigration judge denied the alien's application for cancellation of removal and post-conclusion voluntary departure, concluding that like here, the alien was not statutorily eligible for that relief. However, the BIA concluded that the IJ had not apprised the alien of his apparent eligibility for pre-conclusion voluntary departure. So remanded the case back to the IJ. So the IJ could properly exercise the discretion on that separate statutory relief in the first instance. But as you said, that was the BIA remanding, correct? Correct. So I think Accardi and some of those other cases are clearly binding and set out a squarely on point with this one where at least arguably the BIA had already noted the error and addressed it in a way that was unfavorable to the petitioner, but addressed it nonetheless. Doesn't that set this case apart in terms of our ability to review that error? Hasn't it already been taken care of by the BIA? Well, Your Honor, I think the BIA did not address it. The BIA concluded that it was immaterial, that it had not been afforded the opportunity to apply for this, or it had not been afforded apprised of his apparent eligibility for this relief because the court had, the IJ had decided that he was not. So two-minute warning? Well, it did not merit Coase's conclusion of voluntary departure. We think those two reliefs are different. We think that the IJ did not follow clear rules and therefore under Accardi and this court's decision in court of Jacksonville, when a rule confers a procedural benefit to a class which claim belongs, no prejudice is required. So the BIA viewed it in the prejudice context. We think that prejudice is improv, is sort of the wrong framework to look at it. And rather, when there has been a violation of a rule that confers a benefit on a petitioner that the petitioner should, the case should be reversed, remanded and allow that IJ to exercise discretion. How do we know that he would have voluntarily departed pre-conclusion if given the opportunity to do so? Because that's the only way he would be able to establish prejudice, right? The, well, first we maintain that he did not, does not need to demonstrate prejudice on the question of, you know, what would have happened if, if he had been apprised of this right and had he applied for the right, you know, it's hard to go back two years and decide what would have happened in those circumstances. And I think that's why in cases like Port of Jacksonville and Accordi, there is sort of a bright line rule that when there was a procedural benefit for a certain class of persons granted by a rule, the agency has to follow that rule and, you know, afford the alien the right to apply for that relief. It avoids this scenario where we have two years of litigation because the immigration judge did not follow a straightforward rule. I think there are two ways to read the BIA's order. One way, which seems to be the way you're advocating, is that the BIA said we agree that there was no, that there was no right to post-conclusion voluntary departure and so therefore there's no problem. The other reading, I think, is that the BIA said we agree on the post-conclusion departure point and we say that it would not have been, it would not have been, we would not exercise discretion to offer a pre-conclusion departure in any event. So the IJ's error was fine. Does your approach to the case depend on our accepting the first reading of the BIA decision rather than the second? I believe so and I notice my time is up, but just very briefly, I think that the post-conclusion voluntary departure are different and read the BIA's order. It clearly latched onto the analysis of the IJ, which we think would have been, you know, would have been different had it been including or evaluating pre-conclusion. All right. Thank you, Mr. Dowell and we'll hear from Mr. Glover on behalf of the department. Good morning and may it please the court. I'm Matthew Glover and I represent Respondent, the United States Attorney General. Judge Grant, I think you laid out the two ways to read the BIA decision and we believe that the second way is the correct way to read it and if the BIA exercised independent discretion or independent authority to deny the discretionary form of relief of post-conclusion voluntary departure, this court would lack jurisdiction because it would be, a petitioner would be seeking review of a discretionary decision by the BIA. What about pre-conclusion voluntary departure? If I said post-conclusion there, I apologize. I meant pre-conclusion. I'm very sorry. Yes, following the second way of reading the opinion that you laid out, Judge Grant, if the BIA denied pre-conclusion voluntary departure as a matter of discretion, this court would have no authority to review that discretionary finding under USC 1252 A to B. If I can start by pointing to AR 3, the second page of the BIA's opinion, I think walking through that helpfully shows why this, I'll call it the second reading again, is the correct one. At the top of that page, the BIA first notes that it's reviewing the factual determinations for clear error and in that first paragraph finds that there was no clear error by the IJ in its factual determinations. And so now the BIA has de novo review of legal issues or discretionary issues, but it's confirmed that there's no clear error in the facts in the record before the IJ. It then discusses the reasons you might exercise discretion and some of the arguments respondent makes. It notes respondent's serious criminal record in the third paragraph and notes that he didn't show that he merited a favorable exercise of discretion for cancellation and the IJ's ruling on post-conclusion. And Judge Grant, I would acknowledge in your dissent from the stay, you obviously highlighted all of this. That fourth paragraph where the BIA raises this argument that the petitioner is making here and this argument he made to the BIA that he should have been alerted of the availability of pre-conclusion voluntary departure and that is an error in and of itself. The BIA acknowledges that that issue has been raised. It points out that the key line, since the respondent did not demonstrate he warranted discretionary grant of voluntary departure, it was immaterial that the IJ did not inform him of the availability of pre-conclusion departure. It can only be immaterial, I think, if the BIA is itself exercising discretion and denying pre-conclusion voluntary departure, which we believe it was. And I think if you look at the and I guess I'll comment on the stay concurrence, which pointed out that the BIA used the past tense and made some issue of that. I think the reason the BIA would the past tense here he had not or did not demonstrate is because of the first point I made about the first paragraph on that page. The BIA is looking at the factual record put before the IJ and so looking at the facts as set before the IJ, given that there weren't clearly erroneous factual findings, the BIA is independently deciding that on that factual record we would not grant you discretionary relief of pre-conclusion voluntary departure. If the IJ had granted pre-conclusion voluntary departure, could the government have appealed that decision to the BIA? Yes, your honor, and I think in your opinion you cited that the review standard is 8 CFR 1003.1D. I believe it's D Romanet 2 or D2 that talks about discretionary decisions and the standard review and that they can be reviewed to the BIA. And in fact, if you look at the BIA opinion, they note that the government did not appeal the determination that petitioner's crimes were not aggravated felonies. And so the government is able to appeal. I'll move on. I think I'm not sure I understand yet now how you can exercise discretion to deny relief that you never considered to be Hitler. Your honor, the BIA has independent authority to grant discretionary relief or denied discretionary relief. It's a de novo review and so because the petitioner raised the argument that the IJ had not afforded him the opportunity or considered pre-conclusion discretionary review, the BIA was saying we have the authority to deny that. We've looked at the record and we don't think you warrant that type of relief. I think it would be similar to, I guess if I could point to this opinion in Lewis, where the court said the petitioner made a similar argument that I wasn't given the opportunity to apply for pre-conclusion voluntary departure. And this court said that any error was harmless because the record didn't show that they would have applied for it. I guess that same could be said about the record here, but I think it's even stronger when the BIA has independent authority. The BIA could have granted pre-conclusion voluntary departure in its ruling. What about, let's say that we do think that Accardi and other cases demand that we review that failure to notify him. Why should we require prejudice when, do you think that the regulation confers a procedural benefit to a class to which the plaintiff belongs? Is that the appropriate framework to look at the case if we did decide that review was appropriate? So I would first point back to Lewis where the court did discuss prejudice and a failure to show prejudice. And I think that's appropriate. Certainly as to a due process claim, if he's arguing that there's reviewability because it's a constitutional claim, he would need to show prejudice. And they point to Ninth Circuit cases saying that there is a due process violation here. I would just note that the Ninth Circuit is in the minority of a circuit split there. It's just the Ninth and the Seventh. The circuits that have found there's no due process violation if you do not inform a petitioner of the apparent availability of pre-conclusion voluntary departure include, I think, the Third, Fourth, Fifth, Sixth, Seventh, Eighth. I think that's it. In addition, I think the analysis in Lewis would apply here for factual reasons as well. In Lewis, the court noted that the petitioner there continued to seek relief. Here, the petitioner continued to seek relief before the BIA, challenging his removability. In fact, in the, and also before this court, in response to the motion to dismiss, he filed a responsive brief. That responsive brief by this court's order of, I think, September 8, 2019 is carried forward. And before this panel, that responsive brief argues that he should be, the cancellation of removal ruling was wrong. So he was still pressing cancellation of removal, even in this court, and only waived that when he filed his opening brief. But I think that's similar to the petitioner in Lewis. I would point to AR 87 to 90, where before the board, he was still pressing cancellation of removal and challenging a number of other grounds. As a factual matter, if you got to the merits, I would make two points. One, the IJ only has to inform the petitioner of relief that they're apparently eligible for. And both parties have Cordova. Cordova explains what apparent eligibility means. It means that there's no evidence in the record that the alien has been convicted of aggravated felony, or that the alien has been charged with deportability under another section dealing with terrorism. Here, at the time of the master calendar hearing, when the IJ would have been required to notify petitioner of his apparent eligibility, we don't think he was apparently eligible because the government had charged him I believe this is in the record at AR 576, for having two aggravated felony violations. And those were his two Florida state law violations for aggravated identity theft. So at that time, it was not apparent from the record that he was eligible for this relief. So we don't think it was an error for the IJ not to have told him should you reach the merits. Again, we think the BIA's independent determination takes that away. And I guess the only other point I would make is in response to something that the petitioner said that it was immaterial that the BIA made an independent denial, as my exchange with Judge Wilson showed, I think that's not accurate because the BIA could independently deny that discretion even if the IJ had granted it. But that's not the language that the BIA uses in its decision. It says that it's immaterial that the immigration judge did not inform him of the potential availability of pre-conclusion voluntary relief. I'm not sure how the BIA, can the BIA say, you know, he would not have been entitled to it anyway? Yes, Your Honor, because the BIA can independently grant it. The BIA could have granted the pre-conclusion voluntary departure in this ruling. It can also deny it. It's similar to a situation where a petitioner appeals finding that they were removable, safe for an aggravated felony and the denial of cancellation. The BIA could say, we actually think that was an error legally that you found that they were, they had committed an aggravated felony, but we have discretion and we're not going to grant a cancellation. So it's, you know, harmless error that the IJ made. Isn't it possible that if Mr. Block had been advised of the availability of voluntary departure that the IJ may have granted it in its discretion? That's possible, but the BIA might have denied it on appeal from that ruling. And so the BIA has exercised discretion here and we think we're clearly within the discretionary scope. The only other, I guess, point I would make, and this goes back to whether he would have sought the relief. In his brief before the BIA, he never explicitly says and he never sought to provide evidence like a declaration saying he would have applied for it. He has a line at AR 83 that petitioner appears willing to give up his right, but we don't think that he has shown he would have applied in the event the court gets to that step and following Lewis. If the court doesn't have any further questions, we would rest on our motion to dismiss and our brief. Thank you, Mr. Glover. Thank you. And Mr. is it Mr. Dowell? You're going to have to unmute your microphone. Yes, it's Mr. Dowell. Thank you. And so, so how do you uh immigration judge? It doesn't matter what the immigration judge would have done. The BIA determines that under no circumstances would Mr. Block have been entitled to a voluntary departure then his his claim is without merit. Yes, your honor, and we're not arguing that the BIA did not have discretion. What we're arguing is the BIA did not exercise that discretion. If you read, as your honor noted, the order, it says, you know, since the respondent did not demonstrate that he wanted discretionary grant of voluntary departure, it was immaterial that the immigration judge did not inform him of the potential availability of pre-conclusion voluntary departure. Nowhere in that order does it say, you know, we find that he would not be eligible or that we would, you know, it had he applied, we would have denied that relief. The government suggests that's implicit in the order, but it appears nowhere. And we would have argued that it is not implicit in the BIA did not exercise any form of discretion on that issue. Moreover, there's been some, you know, suggestion that there could be, you know, two potential interpretations of the BIA's order. We think, you know, given that, you know, potential, we would sustain, maintain that there is no ambiguity in the BIA clearly did not accept that there could be viewed some sort of ambiguity. We think the Supreme Court's recent decision in Guerrero, Las Maria, the bar that's 140 Supreme Court 1062 from this year, there was dealing with a different issue about statutory interpretation, but it's stated that when a statutory provision is reasonably susceptible to divergent interpretation, we adopt the reading that accords with traditional understandings and basic principles that executive determinations generally are subject to judicial review. So we would, you know, take that reasoning and extend it here and saying that if to the extent that the BIA's order could be interpreted in two different ways that we think that it should be interpreted in the way that preserves this court's jurisdiction. We briefly reiterate that, you know, it is our position that Mr. Blanc never was given the opportunity to apply for this relief. So it's sort of, it's very odd to sort of, you know, for the BIA to sort of, you know, decide that, you know, what would have happened had he applied for this relief. We think the appropriate remedy, regardless of whether it was in the BIA's or the IJ's discretion is to remand to have someone finally determine whether Mr. Blanc should be granted pre-conclusion voluntary departure. On Louis' point, we think that that case is highly distinguishable. First, it is an unpublished decision by this court. Second of all, in that case, the alien kept advancing other forms of relief. He kept arguing, I believe, a cancellation of removal. Here, it is true that Mr. Blanc, when he was pro se, advanced other avenues of relief. However, we submit that once he, you know, a counsel was appointed for him and understood the legal requirements for applying for pre-conclusion voluntary departure, he has strictly complied with those requirements. So we would not think it is unfair to hold him to, you know, what he argued when he was advancing pro se and he has clearly complied with the requirements now. If we were to remand to the IJ and have the IJ inform Mr. Blanc of his right to pre-conclusion voluntary departure at this point, would Mr. Blanc be required to, I think, release all of his other claims in order to make that request? Correct. And then if the IJ grants the request, then the government could appeal to the BIA, which then could say, well, no, we don't, in our discretion, we don't think that this pre-conclusion voluntary departure is appropriate. Is that one way this could play out? That is one possible scenario. Yes. So we think Lewis is distinguishable. The government's also argued that Mr. Blanc was not apparently eligible for this relief. We sort of struggle with that argument because it essentially argues that the immigration judge made a mistake, did not follow DOJ rules. The government made a mistake and inappropriately charged Mr. Blanc with an aggravated felony when the IJ concluded that he had not committed an aggravated felony. The government's position is that since the IJ made an error and the government made an error, Mr. Blanc should not be entitled to relief. We think that colloquial two wrongs don't make a right. And in this instance, the fact that there were two errors should not be assessed against the those additional arguments in order to request pre-conclusion voluntary departure. If the IJ denies pre-conclusion departure, is he still held to his waiver of whatever other arguments he has, or can he then re-raise those in some sort of secondary proceeding? I don't know whether he could re-raise. There may be, I don't know the fact that it was denied is what precludes him, but there may be other facts. The fact that he has not, you know, for a cancellation of a removal, for example, he hasn't pressed that on appeal here on his petition for reviews. There may be other reasons why he could not raise arguments. I'm not sure that the fact that the IJ would deny discretionary relief would preclude him from then seeking other relief, but there could be other reasons why that wouldn't be permitted. Thank you. I see my time's up. All right. Thank you, Mr. Dowell and Mr. Bedford. We note that you were appointed to represent Mr. Block on this case. You provided the court a very valuable service and the court thanks you for your service. Thank you, Your Honor. It was a pleasure. And so that completes our docket for the week. This court is adjourned.